**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (WILKES-BARRE)**

| | |
|---|---|
| In re:<br><br>ELIZABETH CAYMARES,<br><br>Debtor. | Chapter 13<br><br>Case No.: 23-02305 (MJC) |
| CATERPILLAR FINANCIAL SERVICES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH CAYMARES,<br><br>Defendant. | Adv. Proc. No. |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**

Caterpillar Financial Services Corporation ("CAT Financial"), by and through its undersigned counsel, hereby files this Complaint Objecting to Dischargeability of Debt pursuant to 11 U.S.C. § 523 and Bankruptcy Rules 4004(d) and 7001(4) against Debtor Elizabeth Caymares ("Debtor"), and in support thereof, respectfully aver as follows:

**JURISDICTION AND VENUE**

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001(4) and (6) objecting to the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2) and (a)(6).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

4. Venue is proper pursuant to 28 U.S.C. § 1409.

## ***Factual Background***

### The Debtor Induces CAT Financial to Extend Financing to Konstruction Built LLC

5. On or about August 29, 2022, the Debtor executed that certain Continuing Guaranty (CFSC and CFCA as Beneficiaries) in favor of Caterpillar Financial Services Corporation and Caterpillar Financial Commercial Account Corporation (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit A**.

6. Pursuant to the Guaranty, the Debtor unconditionally guaranteed prompt payment and performance of all obligations of Konstruction Built LLC ("Konstruction") to CAT Financial.

7. Konstruction is indebted to CAT Financial pursuant to that certain Installment Sale Contract No. 001-7008633 dated August 29, 2022 (the "Security Agreement") with Holt Texas, LTD ("Holt"), subsequently assigned to CAT Financial. A true and correct copy of the Security Agreement is attached hereto as **Exhibit B**. A true and correct assignment of the Security Agreement to CAT Financial is attached hereto as **Exhibit C**.

8. Under the Security Agreement, CAT Financial agreed to finance Konstruction's purchase of six (6) new Track Loaders, specifically, (i) 259D3 Caterpillar Compact Track Loader (S/N CW920447), (ii) 259D3 Caterpillar Compact Track Loader (S/N CW920423), (iii) 259D3 Caterpillar Compact Track Loader (S/N CW920426), (iv) 259D3 Caterpillar Compact Track Loader (S/N CW920442), (v) 259D3 Caterpillar Compact Track Loader (S/N CW 920445), and (vi) 259D3 Caterpillar Compact Track Loader (S/N CW920453) (collectively, the "Equipment"). Ex., B, C.

9. Konstruction agreed to pay $484,800.00 for the purchases of the Equipment in sixty (60) equal monthly installments of $7,798.38. (Ex. B).

10. The Debtor signed the Installment Sales Contract as a "member" of Konstruction. *Id.*, Ex. B.

11. Konstruction made only eight (8) payments under the Security Agreement.

12. As a result of Konstruction's failure to make payments, the Security Agreement is in default.

13. Konstruction and the Debtor, a personal guarantor of Konstruction's obligations, have failed to pay the balance due under the Security Agreement and Guaranty.

14. To date, CAT Financial has not been able to recover any of the Equipment.

15. As of the Petition Date the balance due and owing to CAT Financial under the Security Agreement and Guaranty is $425,910.52.

**The Bankruptcy Case**

16. On or about February 5, 2024, in response to a notice of default from CAT Financial, Debtor's counsel contacted CAT Financial's outside counsel to inform them that the Debtor had commenced a chapter 13 bankruptcy proceeding in this Court. See ECF 54-1, Ex. 1.

17. Prior to February 5, 2024, CAT Financial was not identified as a creditor of the estate and therefore had not received any notice of this case, of the plan, or of the Bar Date. *Id.*, ¶ 7, Ex. 1.

18. On March 1, 2024, CAT Financial and the Debtor entered into that certain Stipulation and Agreed Order allowing CAT Financial to file a Proof of Claim after the Bar Date. [ECF 38].

19. The Court approved the Stipulation and Agreed Order on March 5, 2024. [ECF 42].

20. CAT Financial filed its proof of claim on February 29, 2024, which was designated as Claim 7 on the Claims Register.

**The Debtor's Equipment Scheme**

21. On or about April 19, 2024, CAT Financial filed a motion for 2004 exam. [ECF 59]. On May 8, 2024, the Court entered an order directing the Debtor to appear for examination within thirty (30) days. [ECF 61]. On May 29, 2024, the Debtor appeared for a 2004 Examination. [ECF 63]. A true and correct copy of the examination transcript is attached hereto as **Exhibit D**.

22. The Debtor was generally evasive in her examination, refusing to answer even basic questions about for example, her employment history, her prior residences, and how she pays her bills on a daily basis on the premise that "she does not know" or "does not remember".

23. The Debtor did testify about her prior employment with a property management company owned or operated by her husband that subleased New York City residential properties. Ex. D, pp. 17-22. The Debtor's husband has recently pled guilty to wire fraud and is awaiting sentencing in connection with such a real estate scheme. *See* Ex. D., also *United States of America v. Konrad Bicher,* United States District Court for the Southern District of New York, Case No. 22MAG5371. A true and correct copy of the Docket Entries and Complaint filed against Mr. Bicher is attached hereto as **Exhibit E**.

24. During the examination, it became clear that Konstruction was a similar scheme with equipment instead of leased real property.

25. According to the Debtor, Konstruction built was a "rental company" that would purchase equipment on financing, then turn around and lease the equipment to third parties. Ex. D, p. 30. According to the Debtor, the Equipment was marketed for short-term leases on Facebook marketplace. *Id.*, pp. 30-40.

26. CAT Financial did not consent to the lease of the Equipment.

27. Ultimately Konstruction sold the Equipment to an equipment company in Hudson Colorado by the name of MTC Equipment. Since the 2004 Exam, CAT Financial learned that at five (5) units were sold by MTC Equipment to a third party **only nine (9) days after the Debtor signed the Security Agreement and Guaranty**. True and correct copies of Bills of Sale from MTC Equipment to a third party dated September 7, 2022 are attached hereto collectively as **Exhibit F**. According to the Bills of Sale, those units each had only **three (3) hours** of use. In other words, they were brand new. It is highly suspect that the Debtor could sign the Security Agreement and Guaranty, Konstruction could sell the equipment to MTC Equipment in Colorado, and MTC Equipment list the units for sale and find a buyer in North Carolina, executing bills of sale, all in a matter of nine (9) days. The only reasonable conclusion is that the Security Agreement and Guaranty were signed with the express purpose to get quick cash from the re-sale of the Equipment. Then, Konstruction made a handful of payments after the Equipment was sold, keeping CAT Financial in the dark to the fraud. It is further highly suspect that the Security Agreements were signed and Equipment proceeds were pocketed only few weeks after the Debtor signed a $200,000 bond for the release of her husband from police custody in connection with his criminal charges. Ex. D, p. 46, Ex. E.

28. During the examination, the Debtor could not explain why the Equipment was sold to a company in Colorado when, according to the Debtor, Konstruction had no business activity in Colorado. Ex. D, p. 69.

29. At this time, as a direct result of the Debtor and Konstruction's fraud and intentional misrepresentations or omissions, CAT Financial has not recovered any of the Equipment.

30. CAT Financial did not consent to the sale of the Equipment.

31. CAT Financial did not receive any proceeds of the sale(s).

32. The lease and eventual sale of the Equipment out of trust was expressly prohibited by the Security Agreement, which states:

> 8. **Possession, Use, and Maintenance**. You must not: (a) use, operate, maintain or store a Unit improperly, carelessly, unsafely or in violation of any applicable law or regulation or for a purpose other than in the ordinary course of your business; (b) abandon a Unit; (c) lease a Unit or permit the use of a Unit by anyone other than you, without our prior written consent; (d) sell, assign, transfer or create or allow to exist any lien, claim, security interest or encumbrance on any Unit or your rights and benefits under any CVA, except in our favor….

Ex. B, § 8.

33. The Debtor knowingly signed the Security Agreement on behalf of Konstruction.

34. Upon information and belief, the Equipment was purchased, leased, and then sold by Konstruction and the Debtor with the intention of defrauding CAT Financial.

35. The Debtor knew or should have known that she was required to obtain the permission of Plaintiff for any lease or sale of any collateral so that Plaintiff could provide a lien release as part of the sale and ensure that the sale proceeds would be remitted to Plaintiff to apply to the indebtedness outstanding under the Security Agreement.

36. Despite the Debtor's general statement at the 2004 examination that CAT Financial consented to the rental business, to date, the Debtor has produced no evidence whatsoever of any consent by CAT Financial to the leasing of the Equipment, let alone the immediate sale of the Equipment.

37. Additionally, the Debtor provided a false address to the Plaintiff, representing that Konstruction's business address was 1090 SE Ninth Ct., Hialeah, Florida 33101 and that Konstruction was a Florida entity. At the 2004 Examination, the Debtor testified that that address was her grandparents' condo in Miami, despite the fact that Konstruction operated in Texas and

also had organizational ties in Wyoming. *Id.* at pp. 36, 55-56. The Debtor never corrected the misrepresentation. *Id.*

38. CAT Financial relied upon the Debtor's misrepresentations, and as a direct result of such misstatements, did not file UCC Financing statements in Texas or in Wyoming, where CAT Financial has now learned that Konstruction was organized and/or operated.

39. As a result of the Debtor's conduct, CAT Financial has been injured. It has not been able to recover any of its collateral, over $425,910.52 remains due and owing under the Guaranty and Security Agreement, and CAT Financial has been required to incur legal fees and expenses in connection with pursuing its rights and remedies, including without limitation to file this case.

**COUNT I**
**DETERMINATION THAT DEBT IS**
**NOT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(2)(A)**

40. Plaintiff repeats and realleges each and every allegation set forth above as if set forth more fully herein.

41. This is an action requesting a determination that the debt of the Debtor to Plaintiff is excepted from the Debtor's discharge and is not dischargeable, should the Debtor receive a discharge, pursuant to 11 U.S.C. § 523(a)(2)(A).

42. Section 523(a)(2)(A) of the Bankruptcy Code provides that "[a] discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt… (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by - (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…."

43. Plaintiff is a creditor of the Debtor.

44. The debt of the Debtor to Plaintiff was incurred with false pretenses, false representations, and/or actual fraud.

45. Plaintiff has been damaged by the Debtor's false representation, false pretenses, and/or actual fraud.

WHEREFORE, for the reasons stated herein, Plaintiff requests the Court enter judgment in its favor and against the Debtor determining that the debt from the Debtor to Plaintiff is nondischargeable, that the Court award judgment for Plaintiff for all of its damages, costs, and attorney's fees in prosecuting this action, and that the nondischargeable debt includes Plaintiff's costs and attorney's fees in prosecuting this action as well as grant any further relief the Court deems proper under the circumstances.

**COUNT II**
**DETERMINATION THAT DEBT IS**
**NOT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)**

46. Plaintiff repeats and realleges each and every allegation set forth above as if set forth more fully herein.

47. This is an action requesting a determination that the debt of the Debtor to Plaintiff is excepted from the Debtor's discharge and is not dischargeable, should the Debtor receive a discharge, pursuant to 11 U.S.C. § 523(a)(6).

48. Section 523(a)(6) of the Bankruptcy Code provides that "[a] discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt… (6) for willful and malicious injury by the debtor to another entity or to the property of another entity… ."

49. Plaintiff is a creditor of the Debtor.

50. By engaging in the conduct alleged above, the Debtor willfully and maliciously intended to injure the Plaintiff and its collateral.

51. Specifically, the Debtor induced Plaintiff to extend financing on the basis that the Equipment would be used by Konstruction and payments would be made. Instead, the Debtor, in her individual capacity and as an owner and operator of Konstruction, immediately re-listed the equipment for lease, ultimately sold the Equipment out of trust, and absconded with the proceeds.

52. The Debtor intentionally sold and converted Plaintiff's collateral, which the Debtor knew or should have known was subject to a perfected security interest held by Plaintiff.

53. Plaintiff has been damaged by the Debtor's conduct.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against the Debtor determining that the debt from the Debtor to Plaintiff is nondischargeable, that the Court award judgment for Plaintiff for all its damages, costs, and attorneys' fees in prosecuting this action, and that the nondischargeable debt includes Plaintiff's costs and attorneys' fees in prosecuting this action as well as grant any further relief the Court deems proper under the circumstances.

Respectfully Submitted,

Dated: June 21, 2024

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Kelly M. Neal*
Peter S. Russ, Esquire (PA Id. No. 58284)
Kelly M. Neal, Esquire (PA Id. No. 306473)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15241
Tel: (412) 562-8800
Fax: (412) 562-1041
peter.russ@bipc.com
kelly.neal@bipc.com
*Counsel for Caterpillar Financial Services Corporation*